UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x
-----

NEW GENERATION PRODUCE CORP., a
New York corporation

                                         Plaintiff,

        -against-

NEW YORK SUPERMARKET, INC., a New
York corporation; NEW YORK
SUPERMARKET EAST BROADWAY, INC.,
a New York corporation; NEW YORK
SUPERMARKET OF FLUSHING, INC., a
New York corporation; and DENG LONG,
and individual,

                                         Defendants.

-------------------------------------------------------
-----

**MEMORANDUM AND
ORDER**

1:09-CV-5536 (ENV)(VMS)

VITALIANO, D.J.

        On December 18, 2009, plaintiff New Generation Produce Corp. ("New

Generation") commenced this action against New York Supermarket, Inc. ("New

York Supermarket") and other affiliate defendants, seeking relief under the

Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §§ 499a *et seq.*, as

well as New York state law.  New Generation now moves for summary judgment on

Count X of the complaint, in which plaintiff seeks enforcement of a reparation order

entered by the United States Department of Agriculture ("USDA") against New

York Supermarket for payment of a $108,994 debt allegedly owed to plaintiff for

unpaid produce.  New York Supermarket contests the amount owed, claiming that it

1

(1) previously paid for $16,595 of the allegedly unpaid goods; (2) returned $4732 of it; and (3) settled $50,358.50 of the alleged debt through accord and satisfaction.[1] New York Supermarket does not offer evidence or contest significantly that it owes the remaining $37,308.50 of the debt claimed by plaintiff.

For the reasons set forth below, plaintiff's motion is denied. However, the Court finds that it is established for purposes of this case that New York Supermarket owes New Generation the $37,308.50 portion of the debt that defendant has proffered no evidence to dispute.

### Background

New Generation, a wholesaler of agricultural commodities, sold produce to New York Supermarket between July 2006 and January 2007. (D. Rule 56.1 Stmt. ¶ 1.) According to New Generation, the sales totaled $108,994, and plaintiff invoiced New York Supermarket for that amount. (Notice of Mot., Ex. A.[2])

---

[1] The defense response, notably, reflects a certain ambivalence. At some points, New York Supermarket claims full satisfaction of the $87,667 debt remaining after deductions are taken for prior payments and returned produce, and, at others, only partial satisfaction. (*Compare* D. Rule 56.1 Stmt. ¶ 22 (claiming that the settlement covers the full amount remaining after deductions for prior payments and returned produce are taken) *and* Answer, First Counter-Claim ¶ 3-4 (seeking a credit to defendant's account of at least the amount paid to settle the account).) As discussed *infra*, the record suggests that New York Supermarket received a letter offering to settle an outstanding indebtedness of $50,358.50. Defendant's alleged settlement payment cannot have cancelled a debt greater than that referenced in the accord. Therefore, the Court construes New York Supermarket's position to be that its settlement payment should lower the amount owed to New Generation by $50,358.50, not that it should negate the full amount remaining after deductions are taken for prior payments and returned produce.

[2] Although the parties' filings do not conform to the requirements of Local Rule 56.1, they enable the Court to identify and evaluate the relevant facts and are therefore deemed compliant. *See Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) (recognizing Court's broad

New York Supermarket allegedly failed to settle the account.  (Notice of Mot., Ex. B at 2-24.)

In the Fall of 2007, New Generation initiated a reparation proceeding under PACA.[3]  Defendant did not initially respond to the complaint, and, on December 18, 2007, the Secretary of Agriculture (the "Secretary") entered a default order requiring New York Supermarket to pay the full amount of the claim.  (Notice of Mot., Ex B at 1.)

New York Supermarket subsequently petitioned to reopen the proceeding, at which point it attacked New Generation's claim on two grounds.  (Notice of Mot., Ex B at 1, 25-26.)  First, New York Supermarket alleged that New Generation breached the contract governing the relevant sales by failing to deliver goods of the agreed upon quantity, type, and quality.  (Notice of Mot., Ex B at 25.)  Second, New York Supermarket claimed that it partially satisfied its debt by paying $25,179.25 to Cox, Wells, & Associates ("Cox"), a law firm representing a collection agency, Creditors Service Bureau ("CSB"), working on behalf of New Generation.[4]  Plaintiff acknowledges communicating with CSB but denies engaging the company to collect the money owed by New York Supermarket.  (Notice of Mot., Ex. D, ¶¶ 11,

discretion to overlook deficiencies in the Rule 56.1 statements).
[3] A USDA reparation proceeding is an "informal and inexpensive method to adjudicate disputes" between buyers and sellers of highly perishable commodities.  J.W. Looney, *Protection for Sellers of Perishable Agricultural Commodities: Reparation Proceedings and the Statutory Trust Under the Perishable Agricultural Commodities Act*, 23 U.C. Davis L. Rev. 675, 676 (1990).
[4] The ambiguities described in footnote 1, *supra*, are evident in New York Supermarket's USDA filings as well.  (*Compare* Notice of Mot., Ex. B at 27 (summarizing New York Supermarket's argument before the USDA that its settlement payment terminated its debt to plaintiff) *and* Notice of Mot., Ex. B at 26 (excerpting a letter offering settlement of "a past due account in the amount of $50,358.50").

14-15.)

The Secretary rejected New York Supermarket's arguments and, on June 26, 2009, entered a reparation order pursuant to 7 U.S.C. §499g(a) against New York Supermarket in the amount of $108,994 ("Reparation Order"). (Notice of Mot., Ex. B.) Although New York Supermarket did not exercise its right to appeal within the 30-day window allotted by PACA, 7. U.S.C. § 499g(c), to date, it has declined to pay any portion of the amount ordered by the Secretary.

New Generation now seeks enforcement of the Reparation Order pursuant to PACA's compliance regime, 7 U.S.C. § 499g(b). As permitted by PACA, New York Supermarket again contests the amount owed. *See* 7 U.S.C. § 499g(b); *see also Spano v. Western Fruit Growers*, 83 F.2d 150, 152 (10th Cir. 1936); *RHA Trading Inc. v. LNM Tropical Imports, LLC*, 2007 WL 4440929 at *3 (S.D.N.Y. 2007). In addition to continuing to assert that a portion of the debt was settled by accord and satisfaction, New York Supermarket additionally claims that (1) payment was tendered for $16,595 of the produce plaintiff delivered, and (2) it should not be charged for $4732 of returned goods.

## Legal Standard

A motion for summary judgment is granted only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317,

4

322 (1986).  The Court's responsibility in assessing the merits of a summary judgment motion is not to try issues of fact, but rather to "determine whether there are issues of fact to be tried."  *Sutera v. Schering Corp.*, 73 F.3d 13, 16 (2d Cir. 1995). Accordingly, the moving party bears the burden of demonstrating that there is no genuine issue as to any material fact, *see, e.g., Jeffreys v. City of N.Y.*, 426 F.3d 549, 554 (2d Cir. 2005), and the Court must resolve all ambiguities in the evidence and draw all permissible factual inferences in favor of the party opposing the motion, *see, e.g., Sec. Ins. Co. of Hartford v. Old Dominion Freight Line. Inc.*, 391 F.3d 77, 83 (2d Cir. 2004); *Hetchkop v. Woodlawn at Grassmere, Inc.*, 116 F.3d 28, 33 (2d Cir. 1997) ("If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper.").

Even if a court does not grant summary judgment coextensive with the relief sought by the moving party, "it may enter an order stating any material fact . . . that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g).  These sort of determinations, also described as partial summary adjudication, 10B Wright & Miller: Civil § 2737 (3d ed.), "become relevant only after the court has applied the summary-judgment standard carried forward in [Rule 56(a)] to each claim, defense, or part of a claim or defense, identified by the motion."  Fed. R. Civ. P. 56 (Committee Note 2010).  The Court may thus "specify those facts that cannot be controverted" even if material questions of fact remain as to a particular claim.  10B Wright & Miller: Civil § 2737

5

(3d ed.).

## Discussion

In adjudicating an enforcement action under PACA, the Court must evaluate *de novo* the merits of the plaintiff's underlying claim. *RHA Trading Inc. v. LNM Tropical Imports, LLC*, 2007 WL 4440929 at *3. The administrative findings and order constitute *prima facie* evidence of the facts recited and do nothing more than satisfy the plaintiff's burden of production under Rule 56. *Id.* "The Secretary's findings are not entitled to deference," *cf. Koman Produce Inc. v. DiMare Homestead, Inc.*, 329 F.3d 123, 128 (2d Cir. 2003), and a reparation order does not deprive either party of the right to introduce any otherwise permissible evidence.[5] *RHA Trading Inc.*, 2007 WL 4440929 at *3.

1. **Uncontested balance**

There is no dispute that New York Supermarket purchased produce from New Generation during the period July 2006 through January 2007. (D. Rule 56.1 Stmt. ¶ 1.) The parties disagree over the amount owed for these purchases. New Generation asserts, and the Secretary found, that $108,994 was outstanding. (Notice of Mot., Ex. B.) New York Supermarket claims that three credits should be applied to its account to reflect (1) prior direct payments of $16,959, (2) returned produce originally invoiced in the amount of $4732, and (3) a reduction of

---

[5] While plaintiff notes correctly that New York Supermarket did not appeal the reparation order, failure to appeal does not bar it from offering evidence that contradicts the hearing officer's findings, even regardless of whether the proffered evidence was offered during the reparation proceeding. *See Spano v. Western Fruit Growers*, 83 F.2d 150, 152 (10th Cir. 1936); *RHA Trading Inc. v. LNM Tropical Imports, LLC*, 2007 WL 4440929 at *3.

$50,358.50 resulting from a settlement payment to Cox. (D. Rule 56.1 Stmt. ¶¶ 7, 10, 22.) The remaining $37,308.50 of New York Supermarket's original account balance of $108,994 is not meaningfully contested. Specifically, New York Supermarket offers no evidence in its Rule 56.1 Statement or supporting documents that raises a genuine question of fact as to whether it either paid or otherwise settled the outstanding balance.[6] Therefore, based on what New York Supermarket does profess, and drawing all reasonable inference in its favor, the Court finds that $37,308.50, which is the mathematical remainder when all of the credits claimed by New York Supermarket are deducted from the uncontested opening balance of $108,994, is established as due and owing to plaintiff for purposes of this matter. *See* Fed. R. Civ. P. 56(g). What remains to be controverted on this motion, and beyond, is the $71,685.50 of the total debt that New York Supermarket claims as account credits.

## 2. Partial Payment

New York Supermarket offers photocopies of two cashed checks totaling $16,595, payable to New Generation and dated January 6, 2007, as evidence that it paid part of its alleged $108,994 account. (D. Rule 56.1 Stmt., Exs. B, C.) Plaintiff contends that the checks were received and credited but paid for produce unrelated to the $108,994 claimed in this action. (Reply at 9-10.) Stated differently,

---

[6] On summary judgment, a district court may render a decision on the basis of the evidence put forward by the parties in their Rule 56.1 Statements; it is not obligated to either search the record or consider what, if anything, the parties failed to put forward. *See D'Nelson v. Costco Wholesale Corp.*, 2006 WL 767866 at * 4 (E.D.N.Y. 2006).

New Generation argues that New York Supermarket's proffer of the checks does not disprove it stills owes the amount claimed. Nor does it need to now. What its proffer establishes is that there is a genuine issue of material fact as to whether, on a theory of payment, $16,595 is still owed. As a consequence, New Generation is not entitled to summary judgment with respect to $16,595 of its claim, and, to that extent, summary judgment must be, and is, denied.

### 3. Returned Produce

Defendant submits that New Generation wrongly seeks payment for $4732 of returned produce. In support of its claim, defendant offers two handwritten documents titled "Return Jin Tal," that list quantities and prices of fruit associated with particular voucher numbers. (D. Rule 56.1 Stmt., Ex. A.) Each of the four returns documented in the handwritten notes occurred on the same day New Generation claims to have delivered the items. (D. Rule 56.1 Stmt. ¶¶ 3-6; Notice of Mot., Ex. A ¶¶ 64, 65, 72, 74.) In light of New York Supermarket's practice of inspecting produce upon delivery, rejecting produce as nonconforming or of insufficient quality on the spot by putting the item back or keeping it on plaintiff's truck, and crossing off the associated invoice any rejected items, (Notice of Mot., Ex. C ¶¶ 16-17), the timing of the claimed returns coupled with the acknowledgement by New Generation that defendant did inspect produce on delivery, raises a material question of fact as to whether New York Supermarket accepted rather than rejected the goods it now claims to have returned. Absent acceptance, an obligation to pay would not arise. Therefore, New Generation is not

8

entitled to summary judgment with respect to $4732 of its claim, and, to that extent, summary judgment is denied.

4. Settlement with Cox

New York Supermarket protests that it partially settled its account through an accord and satisfaction with Cox. In support, it offers (1) a letter, dated March 18, 2008, from Cox flagging New York Supermarket's "past due account in the amount of $50,358.50" and offering to "accept the sum of $25,179.25 as settlement in full of any and all monies due," and (2) two cashed checks made out to Cox for the total amount requested in the letter. (D. Rule 56.1 Stmt., Exs. D, E.) New Generation does not question this payment. Rather, New Generation argues limply that the payment did not extinguish any part of the debt, because Cox lacked authority to act on its behalf. (E.g., Br. at 5.) New York Supermarket responds that plaintiff's actions imbued Cox with if not real then apparent authority, at least, causing it to rely on Cox's representations. (Opp. at 3-5.) The legal faceoff on this point is also a redux. The parties raised identical arguments during the reparation proceedings. The Secretary ruled in favor of plaintiff, finding that Cox lacked authority to act on behalf of New Generation. (Notice of Mot., Ex B at 26-36.)

On *de novo* review, the Court focuses first on the apparent authority Cox may have had to act in the name of New Generation. Apparent authority "arises when a principal places an agent in a position where it appears that the agent has certain powers which he may or may not possess," *Marfia v. T.C. Zirrat Bankasi*, 100 F.3d 243, 251 (2d Cir. 1996), and a "third party reasonably [relies] on

9

the representations of the agent," *Zhao v. State University of New York*, 472 F. Supp. 2d 289, 319 (E.D.N.Y. 2007). Authority may be conferred even "absent any direct contact between the principal and the third party." *Property Advisory Group, Inc. v. Bevona*, 718 F. Supp. 209, 211 (S.D.N.Y. 1989); *see also Zhao v. State University of New York*, 472 F. Supp. 2d at 318-19. A duty to inquire into the alleged agent's apparent authority arises only if "the facts and circumstances . . . put [the third party] on inquiry, the transaction is extraordinary, or the 'novelty' of the transaction alerts the third party to the danger of fraud." *Herbert Const. Co. v. Continental Ins. Co.*, 931 F.2d 989, 995-96 (2d Cir. 1991). Given the law, "[t]he existence of apparent authority is normally a question of fact, and therefore inappropriate for resolution on a motion for summary judgment." *Douyon v. NY Medical Health Care, P.C.*, 2012 WL 4486100 at *21 (E.D.N.Y. 2012). Such is the case here.

Documentary evidence reflects that, on March 18, 2008, Cox advised New York Supermarket by letter that it represented New Generation and had authority to settle "a past due account in the amount of $50,358.50" for $25,179.25. (D. Rule 56.1 Stmt., Ex. D.) Whether it was reasonable to rely on the representations of Cox—an out-of-state law firm that had knowledge of New York Supermarket's commercial relationship with New Generation and represented that it was copying the seller on the very communication New York Supermarket advances here—without further inquiry is a question of fact that is quite reasonably disputed on the evidence before the Court.

Pointedly, the evidence detailing plaintiff's communications with Cox does not establish with the requisite degree of certainty whether plaintiff cloaked Cox in the guise of authority. The reparation order reflects only that a representative of CSB solicited plaintiff by telephone on March 12, 2008, seeking information about its past due accounts. (Notice of Mot., Ex. B at 27.) New Generation, it seems, promptly faxed the names and account information relating to five customers, including New York Supermarket, for CSB to review and develop a collections proposal. (Notice of Mot., Ex. B at 27.) CSB replied by letter, attaching a power of attorney form that would empower Cox to act on plaintiff's behalf. (Notice of Mot., Ex. B at 28.) Plaintiff says that it did not return an executed power of attorney form, but later did not reply to a subsequent fax from CSB thanking it for allowing "CSB to serve as your collection agency" and setting the terms of that relationship. (Notice of Mot., Ex. B at 28-29.) New Generation claims that it did not reach out to CSB, nor did it hear from CSB again, until May 7, 2008, when CSB sent a small settlement payment from one of the other accounts that New Generation had provided in its original response to CSB.[7]

Taken together, to cut to the chase, there is a genuine issue of material fact in dispute as to whether New Generation placed CSB and its collection counsel, Cox, in a position of apparent authority to compromise and/or collect its debts,

_____

[7] Plaintiff devoted much of its reply to the relevance of the other customer's reliance on CSB's authority to settle the debt. Whether the evidence is considered or not, the result is the same. The Court need not decide whether the evidence will be admissible at trial, which it may very well be.

including from New York Supermarket.  **Summary judgment, as a consequence, is denied with respect to that portion of the claim ($50,358.50) defendant claims to have settled in an accord and satisfaction paid to Cox.**

<u>Conclusion</u>

For the foregoing reasons, summary judgment as to Count X of the complaint is denied.  However, pursuant to Federal Rule of Civil Procedure 56(g), the Court concludes that there is no genuine dispute as to whether New York Supermarket owes New Generation $37,308.50 of the total amount claimed, and it is, therefore, established for purposes of the entire case that New York Supermarket owes New Generation at least $37,308.50 of the alleged $108,994 debt.

The parties are directed to contact Magistrate Judge Vera M. Scanlon to arrange for the scheduling of a pretrial conference, the resolution of any other pretrial matters, and the entry of a final joint pretrial order.


SO ORDERED.


Dated:        Brooklyn, New York
              May 15, 2013

                                        s/ ENV

                                        _____
                                        **ERIC N. VITALIANO**
                                        **United States District Judge**

12