```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
NEW GENERATION PRODUCE CORP.,                 :
                                              :
                 Plaintiffs,                  :
                                              :               **MEMORANDUM AND ORDER**
        -against-                             :
                                              :               No. 09 Civ. 5536 (ENV) (VMS)
NEW YORK SUPERMARKET, INC., NEW               :
YORK SUPERMARKET EAST BROADWAY,               :
NEW YORK SUPERMARKET OF FLUSHING,             :
INC. and DENG LONG,                           :
                                              :
                 Defendants.                  :
----------------------------------------------------------- X
----------------------------------------------------------- X
NEW YORK SUPERMARKET, INC. and DENG           :
LONG,                                         :
                                              :
                 Counter Claimants,           :
                                              :
        -against-                             :
                                              :
NEW GENERATION PRODUCE CORP.,                 :
                                              :
                 Counter Defendant.           :
----------------------------------------------------------- X
```

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff New Generation Produce Corp. ("New Generation" or "Plaintiff") filed this action against New York Supermarket, Inc. and Deng Long (collectively, "New York Supermarket" or "Defendants")[1] alleging violations of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e et seq. ("PACA"), and asserting related common law claims. Compl., ECF No. 1. Before this Court is Defendants' motion pursuant to Federal Rule of Civil Procedure

---

[1] Plaintiff also filed claims against Defendants New York Supermarket East Broadway and New York Supermarket of Flushing, Inc. See Compl. These Defendants did not appear, and the Clerk entered their default. Clerk's Entry of Default, ECF. Plaintiff has not moved for an entry of default against these Defendants.

1

("FRCP") 39(b) for an order that this matter be tried before a jury. For the reasons stated below, Defendants' motion is denied.

I. PROCEDURAL BACKGROUND

On December 18, 2009, Plaintiff filed its Complaint in the Eastern District of New York. Compl. In their pleadings, neither Plaintiff nor Defendants requested a trial by jury. See Compl.; Answer & Counterclaim, ECF No. 14; Answer to Counterclaims, ECF No. 15. After the completion of discovery, see Order, Nov. 30, 2011, Plaintiff moved for summary judgment on Count X of its Complaint, seeking enforcement of a United States Department of Agriculture reparation order. New Generation Produce Corp. v. N.Y. Supermarket, Inc., No. 09 Civ. 5536 (ENV) (VMS), 2013 WL 2382970 (E.D.N.Y. May 30, 2013). The District Judge denied Plaintiff's motion but found that "it is established for purposes of this case that New York Supermarket owes New Generation the $37,308.50 portion of the debt that defendant has proffered no evidence to dispute." New Generation Produce, 2013 WL 2382970, at *1.

Thereafter, Defendants changed their attorney from the Law Office of Salamon Davis to the Law Office of Thomas D. Gearon, P.C. See Not. of Consent to Change Attorney, ECF No. 38; Not. of Appearance, ECF No. 39. The Parties then participated in two settlement conferences, at which Defendants were represented by Mr. Gearon. See Minute Entry, Oct. 16, 2013; Minute Entry, Jan. 22, 2014. The Parties also participated in pre-trial conferences at which Defendants were represented by Mr. Gearon. See Minute Entry, Nov. 25, 2013; Minute Entry, Feb. 19, 2014.

In addition, the Parties submitted a joint Proposed Pretrial Order which was signed on Defendants' behalf by Mr. Gearon. Proposed Pretrial Order ("PPTO"), ECF No. 42. The Parties stated in the Proposed Pretrial Order: "Neither party has requested a jury. New Generation

2

anticipates the trial will be completed in two (2) days." Id. at 5. Defendants concurred with this estimation of the trial's length. Id. The District Judge noticed jury selection for May 5, 2014, and noticed a jury trial for May 7, 2014. Notice of Hearing, Feb. 6, 2014.

Only at the final pretrial conference did Mr. Gearon suggest that Defendants would prefer a trial by jury. Minute Entry, Feb. 19, 2014. Counsel for the Parties agreed that a jury trial was not previously requested, and a briefing schedule was set for Defendants' motion for a jury trial. Id. Defendants filed their motion for a jury trial, see Mot. for Jury Trial ("Def. Mem."), ECF No. 46; Decl. of Thomas D. Gearon ("Gearon Decl."), ECF No. 46-1, which Plaintiff opposed, see Pl.'s Resp. in Opp. to Mot. for Jury Trial, ECF No. 47; Pl.'s Mem. in Supp. of Resp. in Opp. to Mot. for Jury Trial ("Pl. Mem."), ECF No. 48. This Court will consider Defendants' motion pursuant to Local Rule 72.2, which states that the assigned Magistrate Judge may "act with respect to all non-dispositive pretrial matters unless the assigned District Judge orders otherwise."

## II. ANALYSIS

### A. Legal Standard

FRCP 38 requires that a party demand a jury trial by serving and filing its demand "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b).[2] The Parties to this action agree that the requirements of FRCP 38 were not satisfied. See Minute Entry, Feb. 19, 2014. Instead, Defendants contend that the Court should exercise its discretion to order a trial by jury pursuant to FRCP 39. Def. Mem. 2. FRCP 39 states that "the court may, on

---

[2] New issues raised in amended pleadings may reopen a party's time in which to demand a jury trial, but the Second Circuit has stated that, "[w]hen the same parties are the litigants before and after an amended pleading, we are unlikely to find a new issue has been raised." Westchester Day Sch. v. Vill. of Mamaroneck, 504 F.3d 338, 356 (2d Cir. 2007).

3

motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b).

"In cases originally filed in federal court, the failure to timely serve a jury demand will only be excused upon a showing of exceptional circumstances." Janetos v. Home Depot U.S.A., Inc., No. 09 Civ. 1025 (AKT), 2012 WL 4364510, at *3 (E.D.N.Y. Sept. 25, 2012) (citing Noonan v. Cunard Steamship Co., 375 F.2d 69, 70-71 (2d Cir. 1997)). It is well-recognized that "'the settled course of decision had placed a gloss upon [Rule 39],' requiring a moving party to make a 'showing beyond mere inadvertence' in order to justify relief under Rule 39." Rupolo v. Oshkosh Truck Corp., 749 F. Supp. 2d 31, 46 (E.D.N.Y. 2010) (quoting Noonan, 375 F.2d at 70).

An exception may be made in certain cases. For example, in cases that were removed from state to federal court, where "the plaintiff inadvertently failed to demand a jury trial because of plaintiff's counsel's lack of familiarity with federal practice," courts will consider a late request for a jury trial under a less demanding standard. Id. at 46 (citing Cascone v. Ortho Pharma. Corp., 702 F.2d 389, 392 (2d Cir. 1983)). In removed cases, federal courts consider the following factors when determining a motion to have the case tried by a jury: "1) whether the case is one that is traditionally tried by a jury; 2) whether the parties assumed that the matter would not be tried by a judge; and 3) whether granting a jury trial would prejudice the rights of the adverse party." Id. at 47; see Janetos, 2012 WL 4364510, at *3 (listing these factors as relevant "[i]n assessing Rule 39(b) motions under the more permissive standard applicable in removed actions).

However, it "would be a misapplication of the law" to apply this "somewhat relaxed standard" to cases that were not removed from state court. St. Anne's Dev. Co., LLC v. Lenz,

4

No. 08 Civ. 1730 (TCP) (AKT), 2011 WL 5401715, at *2 (E.D.N.Y. Sept. 2, 2011), report & recommendation adopted, No. 08 Civ. 1730 (TCP) (AKT), 2011 WL 5402423 (E.D.N.Y. Nov. 4, 2011) (where "inadvertence is the only apparent explanation for the untimeliness of Defendant's demand, the inquiry respectfully ends there"); see Janetos, 2012 WL 4364510, at *3 (same). Thus, the general rule remains that "inadvertence in failing to make a timely jury demand does not warrant a favorable exercise of discretion under Rule 39(b)." Westchester Day Sch., 504 F.3d at 356 (quoting Noonan, 375 F.2d at 70); see Seabrook v. City of New York, 236 F.R.D. 123, 126-27 (E.D.N.Y. 2006) (stating that "it would seem indisputable that mere inadvertence of counsel in failing to serve a jury demand cannot justify a favorable act of discretion to grant a jury trial under Rule 39(b)," and recognizing Noonan as "[p]erhaps the leading case" on this issue).

  **B.**  **Application**

 Notwithstanding that this case originated in federal court, see Compl., Defendants contend that this Court should grant their motion based on the three factors articulated in Rupolo. Def. Mem. 2 (citing Rupolo, 749 F. Supp. 2d at 46-50). The Court agrees with Plaintiff, see Pl. Mem. 6, that Defendants' reliance on Rupolo is misplaced. Defendants relegate to a footnote an admission that Noonan "applies a more strict analysis of Rule 39(b) to certain cases." Id. at 2 n.1.[3] As clearly stated in each of the cases on which Defendants rely, the "certain cases" to which the Noonan standard applies are those, like this case, originating in federal court. Id. at 2 (citing Cascone, 702 F.2d at 392 ("In removed cases, the argument for applying the rigid Noonan constraints on the district court's discretion is simply not as strong.")); Higgins v. Boeing Co.,

---

[3] Defendants also cite to Aetna Insurance Co. v. Kennedy, 301 U.S. 389, 393 (1937), for the proposition that "courts indulge every reasonable presumption against waiver." Def. Mem. 2. That case is inapposite, as it concerned the unrelated issue of a court erroneously finding that prior requests for a jury trial were waived by the parties' requests for peremptory instructions.

526 F.2d 1004, 1006 (2d Cir. 1975) ("Because this was a removed cause the question of jury trial demand was governed not by Rule 38 but by Rule 81(c)"; noting that FRCP 81(c) did not require the parties to make a jury demand "until directed to do so by the court," based on N.Y. C.P.L.R. § 4102(e)); Rupolo, 749 F. Supp. 2d at 46 (the stricter requirements of Noonan do not limit the Court's discretion "in cases in which a state action was removed to federal court")). Moreover, the authority cited by Defendants does not suggest that the factors discussed in Rupolo, which were gathered from the analysis in Higgins, are applicable outside the context of removed cases. See Cascone, 702 F.2d at 392-93 (discussing the analysis used in Higgins in the context of a removed case); Rupolo, 749 F. Supp. 2d at 46-50 (same); see Higgins, 526 F.2d at 1007 (concerning a removed case).

Thus, Defendants must make "a showing beyond mere inadvertence," Noonan, 375 F.2d at 70, and must establish "exceptional circumstances" in order to prevail, Janetos, 2012 WL 4364510, at *3. Yet Defendants proffer no explanation for their failure to request a jury trial during the four years since this action was commenced. Defendants imply that the fault lies with Defendants' prior counsel, see Def. Mem. 1, which ignores that their current counsel has represented them since October 1, 2013, made several appearances on their behalf and signed a Proposed Pretrial Order asserting that "[n]either party has requested a jury." PPTO 5; see Pl. Mem. 2.[4] In addition, Mr. Gearon has not suggested that he is unfamiliar with federal practice. In the absence of any explanation for Defendants' late request, the Court declines to exercise its discretion to grant Defendants' motion.

---

[4] In addition, the Parties represented to the Court that this matter would be tried in two days, and the trial date was set accordingly. See PPTO 5; Notice of Hearing, Feb. 6, 2014. Considering that the Parties intend to call six witnesses, see PPTO 6-7, it seems unlikely that a jury trial could conclude in two days. Defendants' unexplained failure to raise this motion until after the District Court set its trial calendar also weighs against granting Defendants' motion.

Even had the Rupolo factors applied in this context, the Court would not exercise its discretion to grant Defendants' motion. Concerning the first factor, whether the case is of a type typically tried by a jury, Rupolo, 749 F. Supp. 2d at 47, Defendants do not contend that PACA claims are traditionally tried by a jury; rather, Defendants assert that a jury trial is the most appropriate method to resolve questions of credibility concerning Plaintiff's debt collector's authority to enter into an accord and satisfaction. Def. Mem. 2. Defendants offer no legal authority suggesting that the presence of credibility issues alone, rather than the nature of the claims at issue, is sufficient to satisfy the first factor. Moreover, Plaintiff, in its own review of PACA cases docketed in this District, argues that PACA cases "typically do not involve jury trials," and Plaintiff further contends that legal, not factual, issues will be central to the trial. Pl. Mem. 7-8. Without resolving the Parties' conflicting theories of the case, Defendants have not established that the first factor weighs in their favor.

The second and third factors concern the parties' understanding of whether the case would be tried by a judge and whether granting a jury trial would prejudice the opposing party. Rupolo, 749 F. Supp. 2d at 47. Contrary to Defendants' contentions, Def. Mem. 3, the joint Proposed Pretrial Order makes clear that the Parties' understanding was that this case would be tried by the District Judge. See PPTO 5. Plaintiff convincingly argues that it would suffer prejudice from such a late change in the litigation of this case. Specifically, "Plaintiff has evaluated and prepared its case under the assumption that it would be tried by the district judge. Proceeding before a jury would substantially increase the time and expense of preparation and trial of the matter." Pl. Mem. 9. Therefore, none of the considerations that might support granting Defendants' motion under Rupolo—assuming that more lenient standard applied in this

case, which it does not—weigh in Defendants' favor, and the Court in its discretion denies Defendants' motion.

## III.   CONCLUSION

For the reasons discussed in this memorandum and order, Defendants' motion for an order for the case to be tried by a jury is denied.

Per this Court's February 19, 2014 Scheduling Order, the Parties were to file a revised Proposed Pretrial Order with a more specific list of trial exhibits. The revised Proposed Pretrial Order will be filed on or before March 31, 2014. The Parties are to refer to the Individual Rules of the District Judge concerning filings required prior to trial.

Dated:   Brooklyn, New York
       March 26, 2014

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge